

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### February 2, 1945

GROVER SELLERS
ATTORNEY GENERAL

Honorable D. F. Witherspoon
County Attorney
Maverick County
Eagle Pass, Texas

Dear Sir:

Opinion No. O-6400
Re: Can County Attorney
collect delinquent
tax fees over and
above salary set by
the Commissioners'
Court?

    Your letter of January 22nd, 1945, requesting the opinion of this Department on the above stated question reads in part as follows:

    "Where the maximum salary of county Attorney is $3,000.00 per annum Commissioners Court sets salary at $1,800.00 per annum under the salary system but agrees to pay an additional amount in fees for the collection of the delinquent taxes"

    "Is it legal for said County Attorney to collect said delinquent tax fees over and above salary set by Commissioners' Court, up to the maximum amount of salary allowed by statute?"

    "Is it legal for said County Attorney to take and collect said delinquent tax fees over and above maximum salary allowed by statute?"

    The population of Maverick County is 10,071 inhabitants According to the 1940 Federal Census.

    For the purpose of this opinion, we are assuming that all of the county officials are under the salary system and that the Commissioners' Court acted under Article 3912e, Sec. 2, which reads in part as follows:

    "In the counties having a population of less than twenty thousand (20,000) inhabitants according to the last preceding Federal Census, it shall likewise be the duty of the Commissioners' Court, by its order duly made and entered of record at its first regular meeting in January of each

* NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. D. F. Witherspoon - page 2

calendar year, to determine whether county officers of such county (excluding county surveyors, registrars of vital statistics and notaries public) shall be compensated for the fiscal year on the basis of an annual salary or whether they shall be compensated on the basis of fees earned by them in the performance of their official duties, and it shall also be the duty of the county clerk to forward to the Comptroller of Public Accounts of the State of Texas, on or before the 31st day of January, a certified copy of said order of said Commissioners' Court."

Therefore the answer to your first question can be found in Article 3912e, Sec. 3, which reads in part as follows:

"In all cases where the Commissioners' Court shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their of- fices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain."

The legality of collecting delinquent tax fees over and above the maximum salary is answered by Article 7332 where- in it provides in part as follows:

"All fees provided for the officers herein shall be treated as fees of office and accounted for as such, and said officers shall not receive nor retain said fees in excess of the maximum compensation allowed said officers under the laws of this state; . . ."

It is our opinion that the County Attorney must collect all fees authorized by law in delinquent tax cases and when he is com- pensated on an annual salary basis he is required by Sec. 5, Article 3912e, to deposit such fees in the Officer's Salary Fund. Where the County Attorney is compensated on a salary basis, the salary he receives is in lieu of all other fees, commissions or compensation he would otherwise be authorized to retain. The County Attorney could not legally retain any of the fees mentioned or compensation for his services in delinquent tax cases. Stated differently, the County Attorney can not personally retain such fees, but must collect said fees and deposit them in the Officers Salary Fund.

Hon. D. F. Witherspoon - page 3

Trusting that the foregoing fully answers your inquiry, we are,

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Jno C. Knox_
John C. Knorp
Assistant

JCK:ls



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN